CAMORS–McCONNELL CO. v. McCONNELL.

(Circuit Court, S. D. Alabama. July 15, 1908.)

No. 238.

INJUNCTION—EVIDENCE—WEIGHT AND SUFFICIENCY.

Evidence *held* to establish the allegations of the answer, in a suit to enjoin defendant from engaging in business in competition with complainant in violation of a contract, that the contract set up in the bill was only a part of the actual contract between the parties, and that, as supplemented by other writings and agreements constituting the entire contract, it was in restraint of trade and commerce, and in violation of public policy, and would not sustain a suit in a court of justice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Injunction, § 278.]

In Equity.

See 152 Fed. 321, 81 C. C. A. 429.

Howe, Fenner, Spencer & Cocke and Inge & Armbrecht, for complainants.

Gregory L. & H. T. Smith, for defendant.

TOULMIN, District Judge. When this case was heretofore on appeal in the Circuit Court of Appeals, that court in its opinion said:

"If the contract be as averred in the answer, and the complainant does not prove the whole of it, the defendant could prove it, as well the part lying in parol as that which was reduced to writing, so that the court might, upon an inspection of the whole contract, determine therefrom its character. The unity of the contract is not severed, or its meaning or effect in any degree altered, by putting part of it in writing and leaving the rest in parol. It would seem therefore that, in such case, to grant the complainant the relief which it here seeks would be, in substance, to enforce an illegal contract and one which is illegal because it is against public policy to permit it to stand."

The answer shows how the formation of said corporation of Camors-McConnell Company and the sale of the business and property of Camors, McConnell & Co. to it arose and was brought about. The answer avers: That the United Fruit Company, or persons representing it, entered into negotiations with the copartners composing Camors, McConnell & Co., with a view to forming a combination with it upon such terms as would limit the amount of fruit imported by said firm and prevent competition by it with the United Fruit Company and its combined associates (named in the answer) both in the purchase and sale of fruit; that, after negotiating and agreeing with the representatives of the United Fruit Company as to the method by which such combination should be formed, a certain contract was entered into; and that said United Fruit Company undertook to have said contract reduced to writing. It avers: That Exhibit A to the bill of complaint was one of the forms of the contract so prepared and

presented to those interested in the firm of Camors, McConnell & Co.; that, as so prepared and presented, the name of Andrew W. Preston appeared, instead of that of the United Fruit Company, but all the parties to said transaction always recognized the United Fruit Company as the true party in interest, and dividends on the stock in the Camors-McConnell Company were paid to the United Fruit Company as the owner of said stock. The answer further avers that the United Fruit Company had the remaining terms of said contract reduced to writing in the form of two separate instruments, which were presented and executed by the parties thereto, and which two separate writings, marked "Exhibits I and II," are made a part of the answer, and that said Preston was the president of said United Fruit Company.

There is some evidence submitted in the cause which is illegal and incompetent because hearsay or mere expressions of opinion or belief, and some which is irrelevant and immaterial. It was duly objected to by the respective counsel. This evidence was disregarded by me in the consideration of the case. There is, however, uncontradicted evidence which clearly establishes the averments of the answer to the effect that Exhibit A to the bill and Exhibits I and II to the answer are parts of one transaction and constitute one contract, that the two first mentioned were executed on the same day, December 8, 1899, and that the third was then prepared and agreed to, but was not in fact executed until a subsequent day, January 27, 1900. In such case the Circuit Court of Appeals has said: "The whole contract is none the less one and indivisible." The ruling of the court is, in effect, that, if the contract be proved as averred in the answer, it is an illegal contract and cannot be enforced because it is against public policy to permit it to stand. I find that the contract as averred in the answer has been proved by the evidence, and, as I understand the decision referred to, it construes the contract as averred in the answer as now constituted, holds it to be illegal, and that on grounds of public policy it cannot be enforced in a court of justice.

The court in its opinion said:

"It is uniformly conceded that such a defense as this (set up here) is a very dishonest one, and that it lies ill in the mouth of the defendant to allege it, and that it is only allowed for public considerations and in order the better to secure the public against dishonest transactions."

The rule is that, when such a defense is successfully made, it must prevail on the principle that courts of justice deny their aid for the enforcement of contracts which are illegal or against public policy If I am in error in my finding on the evidence or in my understanding of the decision of the Court of Appeals cited (152 Fed. 321, 81 C. C. A. 429), such error will be corrected by that court on its judgment being invoked in the cause.

Let the following decree be passed: This cause coming on to be heard is submitted for final decree on the bill and exhibits, the answer and exhibits, the evidence, as noted by the respective parties and objections thereto, and the arguments of counsel, and, the same being duly considered by the court, it is ordered, adjudged, and decreed

that said bill be, and the same is hereby, dismissed, and the complainant is taxed with the costs of the cause for which execution may be issued.